United States Court of Appeals
Fifth Circuit.

Nov. 4, 1953.

Robert B. Ross, Sp. Asst. to Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Dept. of Justice, Washington, D. C., John D. Hill, U. S. Atty., Birmingham, Ala., Robert N. Anderson, Sp. Asst. to Atty. Gen., W. R. Bradford, Asst. U. S. Atty., Birmingham, Ala., for appellant.

Erle Pettus, Jr., Birmingham, Ala., Jackson, Rives, Pettus & Peterson, Birmingham, Ala., of counsel, for appellee.

Before HOLMES and RIVES, Circuit Judges, and KENNAMER, District Judge.

RIVES, Circuit Judge.

This appeal involves federal income taxes for the calendar years 1946, 1947 and 1948 and presents one single question: Whether interest paid on an indebtedness secured by a mortgage on rental property is deductible from gross income in determining adjusted gross income under Section 22(n) (4) of the Internal Revenue Code [1] where there is no showing by the taxpayer that the proceeds of the mortgage were used, or the taxpayer's obligation incurred, in connection with the rental property or with the production of income therefrom. All interest, with certain exceptions not here in issue, is deductible under Section 23 (b). See Footnote 1, supra. The question arises in this case because the taxpayer figured his tax under one of the tax tables provided by Supplement T, Section 400 of the Code, 26 U.S.C.A. §

---

[1] "§ 22. *Gross incomes.*

\*　　\*　　\*　　\*　　\*　　\*

"(n) *Definition of 'adjusted gross income'.* As used in this chapter the term 'adjusted gross income' means the gross income minus—

\*　　\*　　\*　　\*　　\*　　\*

"(4) *Deductions attributable to rents and royalties.* The deductions (other than those provided in paragraph (1), (5), or (6) ) allowed by section 23 which are attributable to property held for the production of rents or royalties;
\* \* \*."

26 U.S.C.A. § 22.

"§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:

\*　　\*　　\*　　\*　　\*　　\*

"(b) *Interest.* All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter. \* \* \*"

26 U.S.C.A. § 23.

400. Printed on the return was the notation that, "This table, which is provided by law, automatically allows about 10 percent of your total income for charitable contributions, interest, taxes, casualty losses, medical expenses, and miscellaneous expenses." The Government claims that, by deducting the interest to arrive at gross rental income and also using the table, it would be possible for a taxpayer in effect to increase his deduction of interest over that contemplated by law.

The case turns on the meaning of the phrase in Section 22(n) (4), "attributable to property held for the production of rents". The taxpayer insists that interest on the mortgage on rental property is attributable to the property because on failure to pay the mortgage interest the property is likely to be lost to the taxpayer through foreclosure of the mortgage. The District Court ruled, "the Court concludes that under Section 22(n) (4) the taxpayer is entitled to deduct any interest paid under a mortgage on rental real estate from gross rent received to arrive at adjusted gross income under Section 22(n) (4) without any accounting for the disposition of the proceeds of the mortgage loan." Under that decision, the security behind the loan is made the controlling factor.

To the contrary, we think that the debt is the important consideration, and that the taxpayer's indebtedness must have been incurred, or the proceeds of the loan used, in connection with the rental property or with the production of income therefrom. Payment of interest has a direct causal connection with the taxpayer's receipt of income from a piece of property in cases where he acquires the property already subject to a mortgage, or where he uses the proceeds of the loan to purchase or construct or to improve or repair the property. That is not true where the taxpayer incurs the indebtedness, or the proceeds of the loan are used, for some purpose not connected with the property or with the production of income therefrom. In the latter such case, the fact that the taxpayer may secure the loan by a mortgage on the property does not mean that the payment of interest on the mortgage debt is responsible for his receipt of income from the property. If the taxpayer loses the property by foreclosure of the mortgage, he has simply disposed of it just as certainly as if he had sold and conveyed it by deed at the outset. If the statute is construed as the taxpayer contends, it would nearly always be open to a taxpayer to increase his interest deduction by securing any indebtedness with a mortgage on rental property. We think that for interest to be deductible from gross income in determining adjusted gross income, the debt itself must be connected with the property or with the production of income therefrom. While the statute is clear, we think, without resort to legislative history, we believe further that the legislative history does sustain the same view.[2] The judgment is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

2. In explaining the statute, the House Ways and Means Committee said [H. Rep. No. 1365, 78th Cong. 2d. Sess., p. 23 (1944 Cum.Bull. 821, 839)]:

"* * * taxes and interest are deductible in arriving at adjusted gross income only as they constitute expenditures *attributable to a trade or business or to property from which rents or royalties are derived*. The connection contemplated in this statute is a direct one rather than a remote one." (Italics supplied.)

The Senate Finance Committee Report elaborated somewhat further, saying [S. Rep. No. 885, 78th Cong., 2d Sess., p. 25 (1944 Cum.Bull. 858, 878)]:

"* * * the term 'attributable' shall be taken in its restricted sense; only such deductions as are, *in the accounting sense*, deemed to be expenses directly incurred in the rental of property or in the production of royalties. Thus, for this purpose, charitable contributions would not be deemed to be expenses directly incurred in the operation of a trade or business, or in the rental of property or in the production of royalties, so as

to be within the provisions for either clause (1) or clause (4)." (Italics supplied.)

Another excerpt from the same report reads:

"For example, in the case of an individual merchant or store proprietor, gross income under the law is gross receipts less the cost of goods sold; it is necessary to reduce this amount by the

amount of business expenses before it becomes comparable, for the purposes of * * * a tax table or the standard deduction, to the salary or wages of an employee in the usual case. *Similarly*, the gross income derived from rents and royalties is reduced by the deductions attributable thereto * * *." (Italics supplied.)